UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN MCCASLAND,

    Plaintiff,

vs.                                                             Case No.:8:17-cv-990-T-27AEP

PRO GUARD COATINGS, INC.,

    Defendant.
_____/

## ORDER

This cause is before the court on remand from the Eleventh Circuit Court of Appeals for the limited purpose of determining whether this court had diversity jurisdiction over the action (Dkt. 58). Pursuant to court order, Defendant filed its Notice of Compliance addressing diversity jurisdiction (Dkt. 61). Upon consideration, I find that diversity jurisdiction exists.

Diversity jurisdiction exists when a lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The party invoking federal jurisdiction bears the burden of establishing the facts necessary for jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

*Diversity of the Parties*

The Notice of Removal (Dkt. 1) and Complaint filed in state court (Dkt. 2) demonstrate that the parties are diverse. Plaintiff is a resident of Hillsborough County, Florida (Dkt. 1 ¶ 9; Dkt. 2 ¶ 2). Defendant Pro Guard Coatings, Inc. is incorporated in and has its place of business in Pennsylvania. (Dkt. 1 ¶ 10; Dkt. 2 ¶ 3). Diversity is further evidenced by the records provided by Defendant in response to this court's order (Dkt. 61).[1] These records include, but are not limited to, (1) "Lexis Nexis Public Record Search documents (Dkt. 61-1, Exhibit A)," (2) "Hillsborough County Tax Collector records (Dkt. 61-2, Exhibit B)," and (3) "Pennsylvania Secretary of State

---

[1] A defendant may supplement its notice of removal with post-removal evidence of jurisdiction. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773-74 (11th Cir. 2010).

corporate records, including Defendant's official Articles of Incorporation and Fictitious-Name Registration (Dkt. 61-3, Exhibit C)." (Dkt. 61 ¶ 4).

In sum, the record establishes that at the time of removal, Plaintiff was a citizen of Florida and Defendant was incorporated and had its principal place of business in Pennsylvania, making the parties diverse.

*Amount in Controversy*

"If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d at 754 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). To satisfy its burden of proving the requisite jurisdictional amount, the removing defendant may introduce "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). While the amount in controversy may not be established by speculation or guesswork, the removing defendant is not required to prove the amount "beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. It is sufficient if the evidence "shows the extent of the damages as a matter of just and reasonable inference." *Maiz v. Virani*, 253 F.3d 641, 664 (11th Cir. 2001).

Here, the amount in controversy is not apparent from the face of the Complaint, since Plaintiff merely alleges damages exceeding $15,000, to satisfy the jurisdictional amount for a Florida Circuit Court case (Dkt. 2, ¶ 1). Accordingly, the Notice of Removal and any record is examined to determine whether the requisite amount on controversy is met. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

In its Notice of Removal, Defendant contends that the amount in controversy exceeds $75,000:

> In this case, the Complaint includes claims by Plaintiff for permanent injuries resulting from exposure to chemicals contained in a product manufactured by Defendant, requiring treatment and medication to manage symptoms for the rest of his life, pain and suffering, bodily injury, aggravation of a pre-existing condition, mental anguish, loss of capacity for the enjoyment of life, past and future medical and nursing care expenses and treatment, past and future hospital expenses, and loss of ability to earn income, including past and future wage loss. Based on the foregoing,

it is clear that Plaintiff claims entitlement to monetary damages in excess of $75,000.00.

(Dkt. 1 ¶ 14). Additionally, Defendant proffers Plaintiff's pre-suit demand letter seeking $1,000,000 in damages (Dkt. 61-4, Exhibit D), and his medical records (Dkt. 65, SEALED).[2]

This Circuit has explained that in the context of removal, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062. And "reasonable deductions, reasonable inferences, or other reasonable extrapolations" may be made in determining whether removal was proper. *Pretka*, 608 F.3d at 752. Considering the record evidence, it is apparent that the requisite amount in controversy is met.

First, Plaintiff's pre-suit demand of $1,000,000 is evidence of an amount in controversy exceeding $75,000. *See AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008) (settlement demand exceeding $75,000 may be considered in determining whether diversity jurisdiction exists). The pre-suit demand includes a detailed account of Plaintiff's background, medical visits, treatment, and eventual diagnosis of oromandibular dystonia. (Dkt. 61-4, pp. 2-4). The demand asserts that Plaintiff's "doctors have explained that these conditions are likely permanent, and all they will be able to do is help [Plaintiff] manage the symptoms for the rest of his life." (Id. at p. 4). The demand also includes a section dedicated to damages detailing Plaintiff's physical and psychological injuries resulting from his use of Defendant's product. (Id.).[3] And his medical records (filed under seal) support the damages summarized in his pre-suit demand letter and alleged in his Complaint.[4]

Upon consideration of the Notice of Removal, the pre-suit demand letter, Plaintiff's medical

---

[2] *See Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support the removal.").

[3] The Complaint also includes detailed allegations of the treatment Plaintiff sought (Dkt. 2, ¶¶ 27-51), the lasting nature of his symptoms (id. ¶ 52), and the damages he seeks (id. ¶¶ 53-54, 68, 80).

[4] "Defense Counsel's [Calculations] of Past Medical Bills," which was filed under seal along with Plaintiff's medical records, specifies past medical expenses of $32,048.52 incurred between August 17, 2012 and July 8, 2017. *See* (Dkt. 65-1 at p. 2). Defendant further references this amount in its "Notice of Compliance with the Court's Order." (Dkt. 61, ¶ 12). This amount, however, presumably includes expenses incurred after removal (April 27, 2017) and therefore will not be considered in full. *See Sierminski*, 216 F.3d at 949.

records, and the Complaint, I find that the damages alleged "more likely than not" meet the requisite amount in controversy for diversity jurisdiction. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). Applying "judicial experience and common sense," I find that Plaintiff's claims of permanent injury, past and future pain and suffering, loss of income, past medical expenses, and future medical and nursing care demonstrate damages in excess of $75,000. *See Roe*, 613 F.3d at 1062. Defendant has therefore established diversity jurisdiction.

**DONE AND ORDERED** this __5th__ day of September, 2019.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Eleventh Circuit Court of Appeals, Counsel of Record, *pro se* Plaintiff